930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Richard A. TAYLOR, Plaintiff-Appellant,
v.
MANOR CARE I, INCORPORATED, doing business as Four Seasons
Nursing Center, Defendant-Appellee.
 No. 90-2127.
 United States Court of Appeals, Tenth Circuit.
 April 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's order of May 30, 1990, entering summary judgment in favor of defendant on plaintiff's claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634. Defendant hired plaintiff in September of 1986 to be the food service manager in a nursing home in Albuquerque, New Mexico. Defendant discharged plaintiff in September of 1987, at the age of forty-seven, and replaced plaintiff with a woman who was under the age of forty.
 
 
 3
 A plaintiff can establish a prima facie case of age discrimination by showing:
 
 
 4
 "(1) he is within the protected age group, (2) he was doing satisfactory work, (3) he was discharged despite the adequacy of his work, and (4) his position was filled by a person younger than he." Cockrell v. Boise Cascade Corp., 781 F.2d 173, 177 (10th Cir.1986). The burden of production then shifts to the employer to show a legitimate, nondiscriminatory reason for the challenged action. Id. The plaintiff retains the ultimate burden of persuasion, which he may carry directly by proving that age was more likely than not a determinative factor in the employment decision, or indirectly by establishing that the employer's proffered explanation is mere pretext. Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1542 (10th Cir.1987).
 
 
 5
 Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1547 (10th Cir.1988).
 
 
 6
 Defendant moved for summary judgment on the ground that plaintiff's work was unsatisfactory, which prevented him from either establishing a prima facie case or rebutting the legitimate reason defendant articulated for discharging plaintiff. In support of its motion, defendant submitted materials that showed the following. Plaintiff received an oral reprimand on February 12, 1987, for not having his department within budget, a problem for which he had been counseled previously. Plaintiff received another oral reprimand on February 18th for not having his budget in line and for the unsanitary condition of the kitchen and storage areas. On April 4th and 5th, a member of the quality assurance department conducted a review of plaintiff's department. Plaintiff received a failing score on the review; he was counseled and told his score would have to improve.
 
 
 7
 Following a complaint about his having deleted soup from a patient's meal without substituting another item, plaintiff was given a written warning on April 22, 1987, that any further incidents of this type would result in his termination. Plaintiff then received a barely passing score on his June quality assurance review, and again was told he would have to improve his score. On August 12, 1987, plaintiff received another written warning due to his failure to contribute adequately to care plans, his inappropriate response to people who tried to assist him, and his failure to communicate resident dining room changes to his staff in a timely manner, as directed by the administrator, which caused confusion when changes were made. On September 8, 1987, plaintiff again failed a quality assurance review. Defendant discharged plaintiff on September 11, 1987, on the ground that he had "violated 3 or more rules under minor and major offense categories [in the employee handbook] within a 12 month period." See rec. vol. I, doc. 32, exh. G.
 
 
 8
 In response to defendant's motion for summary judgment, plaintiff presented deposition testimony from the administrator of the Albuquerque facility which showed that Carol Chute, who conducted the September quality assurance review, was the food service manager from a sister facility in Santa Fe, rather than a member of the quality assurance department, and had never performed a review for the administrator before. The deposition also showed that Ms. Chute's report on the September review contained several errors, and that the administrator would not have fired plaintiff at that time if he had received a passing score on his September review. Plaintiff also presented an affidavit of Joyce Hutchinson, a nutritional consultant at the Albuquerque facility. She averred that "[d]uring the course of carrying out [her] duties, she found the performance of Richard Taylor as food service manager for Four Seasons Nursing Center was adequate and met the standards of the industry," and that "Richard Taylor was performing his job satisfactorily." See rec. vol. I, doc. 34, exh. C.
 
 
 9
 In reply, defendant presented further deposition testimony of the administrator, which showed that even though Ms. Chute had never conducted a quality assurance review for him, she was qualified to do so, and that any errors in her report were corrected before plaintiff was terminated and the score was still below passing. The administrator also testified that he could have terminated plaintiff without the September review report, based on plaintiff's prior warnings and notices. Furthermore, the administrator testified that Ms. Hutchinson's contract with the facility was for only eight hours a month and only a portion of that time was spent with plaintiff, that she was not qualified to provide an overall rating for plaintiff, and that she previously had found plaintiff's performance deficient in numerous respects.
 
 
 10
 The district court entered summary judgment in favor of defendant on the basis that "plaintiff has completely failed to offer any evidence that age was a factor in the decision to terminate him," and that "no reasonable jury could find that the plaintiff was satisfactorily performing his job." See rec. vol. I, doc. 37 at 6, 7. We review the grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Rule 56 provides that summary judgment should be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 11
 Under the foregoing standard, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). Furthermore,
 
 
 12
 the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 13
 The parties agree that plaintiff's satisfactory performance was an essential element of his prima facie case, on which he would have borne the burden of proof at trial. Defendant produced substantial evidence that plaintiff's performance was unsatisfactory. The only evidence plaintiff produced to establish that his performance was not unsatisfactory was the affidavit of Ms. Hutchinson.[1] Ms. Hutchinson's affidavit, however, made only conclusory statements about plaintiff's performance; it did not "set forth specific facts showing that there is a genuine issue for trial," as required by Rule 56(e). The district court, therefore, properly concluded that the evidence was not such that a reasonable jury could return a verdict in favor of plaintiff, see Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, and entered summary judgment for defendant.
 
 
 14
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The other evidence plaintiff produced concerned whether the true reason defendant discharged him was his allegedly unsatisfactory performance. This evidence was relevant to the issue of pretext for discharge, but not to the issue of whether plaintiff's performance was, in fact, satisfactory, an element of plaintiff's prima facie case